IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                      No. 2:12-cr-00266-KJM-1

   vs.

RANDY K. BARKER,

        Defendant.                 ORDER

_____/

        Defendant requests that the court postpone his October 31, 2013 surrender date by 180 days. Mot. to Extend Surrender Date ("Mot."), ECF No. 196. The instant motion was filed on September 24, 2013, and the government opposed on October 1, 2013, ECF No. 199. The court heard argument on October 23, 2013, granting parties leave to file supplemental briefing. ECF No. 205. Defendant filed "supplemental information" on October 25, 2013, ECF No. 206, and "additional information" on October 29, 2013, ECF No. 207; the government filed its response on October 29, 2013, ECF No. 208. For the following reasons, the court DENIES the motion.

        Defendant's sentencing hearing was held on May 29, 2013. ECF No. 169. In determining the sentence, the court granted voluntary surrender as anticipated by the Presentence Investigation Report ("PSR") at 21, ECF No. 159 (sealed). The court departed from the recommended date in the PSR and delayed surrender to account for the then-ongoing

1

"brutal" fire season and defendant's undisputed responsibilities as a fire lookout. Sentencing Hearing Tr. ("Tr.") 19–22, ECF No. 188. In making this decision, the court exercised its "wide discretion in the sources and types of evidence used to assist . . . in determining the kind and extent of punishment to be imposed within limits fixed by the law" to "ensure[] that the punishment will suit not merely the offense but the individual defendant." *Pepper v. United States*, __ U.S. __, 131 S. Ct. 1229, 1240 (2011) (citation and internal quotation marks omitted). Further, the court found on clear and convincing evidence that defendant posed neither a flight risk nor a danger to others. *See* Tr. 18–21.

Defendant's instant motion is governed by 18 U.S.C. § 3143(b) (subsection entitled "Release or detention pending appeal by the defendant"). *See also United States v. Ali*, No. CR 02-40081 CW, 2011 WL 588143, at *1 (N.D. Cal. Feb. 10, 2011) (applying 18 U.S.C. § 3143(b) to request for stay of surrender where defendant had been convicted and sentenced). Section § 3143(b) requires detention of a defendant who has been convicted and sentenced, unless the court finds an exception to exist. Exceptions exist where the court finds: (1) by clear and convincing evidence that the defendant is not likely to flee or pose a danger to others; (2) that the appeal is not being taken for delay; and (3) that the appeal "raises a substantial question of law or fact likely to result in . . . reversal, . . . an order for a new trial, . . . a sentence that does not include a prison term, or . . . a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b). "A 'substantial question' is one that is fairly debatable or fairly doubtful." *United States v. Wheeler*, 795 F.2d 839, 840 (9th Cir. 1986) (citing *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985)). As the moving party, defendant bears the burden of establishing that such an exception exists. *See United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

Defendant has failed to establish that the appeal raises a substantial question of law or fact likely to result in an outcome outlined in the statute. In his motion, he states only that he "request[s] to extend his surrender date so that he may have time to prepare his appeal with new counsel." Mot. 1–2. He also argues in supplemental briefing that, at the very least, stay of surrender is required to allow new counsel to identify the substantial questions of law or

2

fact that may be raised on appeal. Supplemental Information 2–3. Whereas it is defendant's prerogative to seek different representation on appeal, his doing so fails to raise any question of law or fact, much less a substantial one. Further, by insisting that new counsel needs additional time at this late date to identify any substantial questions of law or fact that may be raised on appeal, defendant concedes that he has failed to presently identify any before this court. Such an admission precludes the court's finding of an exception permitting further delay of detention.

Even if the court were to consider the letter appended to defendant's motion, Mot. Ex. A, at 5–15, ECF No. 196-1, as a claim of ineffective assistance during the district court proceedings, defendant would still fail to establish that an exception exists. A claim for ineffective assistance of counsel requires that the defendant show (1) counsel's performance fell below an "objective standard of reasonableness"; and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 669 (1984). The letter, containing conclusory and often immaterial claims, fails to make out a prima facie case, let alone establish a likelihood of prevailing on this theory.

As set forth above, the court DENIES defendant's motion and confirms its prior order. Defendant is ordered to surrender as previously directed by 2:00 p.m. on October 31, 2013.

IT IS SO ORDERED.

Dated: October 30, 2013.

UNITED STATES DISTRICT JUDGE