UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RANDY K. BARKER,<br><br>Defendant. | No. 2:12-CR-266 KJM<br><br><br><br>ORDER |

In a two-page letter to the court, defendant Randy Barker seeks relief from this court's sentence ordering an assessment of $300 and restitution in the amount of $140,000. *See* Restitution Mot., ECF No. 225. The United States opposes. Opp'n, ECF No. 227. For the following reasons, the court DENIES the request.

Initially, to the extent that Barker seeks to challenge the court's imposition of an assessment and restitution, he may not do so through a collateral attack in the form his request takes here. *See United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999) (federal habeas relief is "applicable only to prisoners in custody claiming the right to be released"); *United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002) (federal habeas relief not available to challenge restitution).

Alternatively, Barker seeks relief from the assessment and restitution on the grounds that he is unable to pay. Restitution Mot. at 2. Under 18 U.S.C. § 3664, the court may

1

adjust the restitution payment schedule when presented with notice of "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). In its original sentence, the court considered Barker's ability to pay and waived the interest requirement for restitution but otherwise set restitution at $140,000. *See* Judgment, ECF No. 171 at 6. Other than a general assertion of hardship, however, Barker provides no detail or evidence supporting a change in circumstances that might affect his ability to pay. Thus, there is no basis to modify the payment schedule. Nor has Barker pointed to any basis to reduce the restitution amount. *See Hammer v. Fed. Pub. Def. Org. of E. Dist. of Cal.*, 316CV02192BTMNLS, 2017 WL 3316025, at *6 (S.D. Cal. Aug. 2, 2017) ("Even assuming Plaintiff could show a material change in his economic circumstances [under 18 U.S.C. § 3664(k)], he would still be required to pay the entire restitution amount, albeit on an adjusted pay schedule."). Accordingly, the court DENIES the motion without prejudice.

This order resolves ECF No. 225.

IT IS SO ORDERED.

DATED: September 6, 2017.

_____
UNITED STATES DISTRICT JUDGE